THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHRISTEL RENEE HELEM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 15-CV-0216-RAW |
| ) | |
| OKLAHOMA DEPARTMENT OF ) | |
| HUMAN SERVICES, et al., ) | |
| ) | |
| Defendant. ) | |

**MOTION TO DISMISS AMENDED COMPLAINT AND BRIEF IN SUPPORT OF
DEFENDANT OKLAHOMA DEPARTMENT OF HUMAN SERVICES**

**MOTION TO DISMISS**

Comes now the Defendant, Oklahoma Department of Human Services, through its undersigned attorney and respectfully moves the Court to dismiss this action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure because the Plaintiff's (Second) Amended Complaint (Doc. #18) fails to state a claim upon which relief can be granted.[1]

**BRIEF IN SUPPORT OF MOTION TO DISMISS**

**I.   Statement of Facts**

On June 10, 2015, Plaintiff, Christel Helem, commenced this action *pro se* seeking damages against Defendant Oklahoma Department of Human Services ("DHS"). Plaintiff sought permission from the Court to proceed in *forma pauperis*. Her

---

[1] Plaintiff filed an Amended Complaint (Doc. #16) on March 3, 2016. Defendant DHS filed a Motion to Dismiss on March 17, 2016. (Doc # 17). Plaintiff filed another "Amended Complaint" on March 31, 2016, (Doc. # 18), the day her Response to Defendant's Motion to Dismiss was due. Defendant refers herein to Document #18 as "Plaintiff's '(Second) Amended Complaint.'" Plaintiff did not comply with Rule 15(a)(B)(2), Fed. R. of Civ. Proc. by seeking leave from the Court to file a (Second) Amended Complaint, or by seeking agreement from Defendant for her to file a (Second) Amended Complaint.

request (Doc. #3) was granted in part and denied in part by the Court.  The Court entered an order (Doc. #4) on June 12, permitting Plaintiff to pay her filing fee in installments.  On December 30, the Court directed the Clerk of the Court to issue summons (Doc. #6).  The Clerk issued summons to the Oklahoma Department of Human Services (Doc. #7), and service was effected on the Defendant DHS on January 11, 2016 (Doc. #8).  Defendant DHS is the only defendant to whom a summons has been issued or served.

On February 1, 2016, Defendant Oklahoma Department of Human Services filed its Motion to Dismiss Plaintiff's Complaint against it (Doc. #10).  On February 5, 2016, the Court entered an Order (Doc. #12) directing the Plaintiff to file an Amended Complaint "providing additional factual averments which may vitiate Defendant's claims of insufficiency.  Additionally, claims for new relief shall not be added to the Complaint." Despite the Order, on February 9, 2016, Plaintiff filed a Response to Defendant's Motion to Dismiss (Doc. #13).

On February 9, the court entered a Minute Order (Doc. #14) finding Plaintiff's Response to Defendant's Motion to Dismiss and Brief in Support did not contain a signature of plaintiff with her address, email address, and telephone number as required by Rule 11 of the Federal Rules of Civil Procedure, nor did it contain a proper case caption as required by Rule 10 of the Federal Rules of Civil Procedure. The Court chose

> … NOT to strike the response submitted by the plaintiff who is appearing pro se but DOES direct plaintiff to be certain all documents filed with this Court in the future meet the requirements of the Federal Rules of civil Procedure.

Defendant filed its Reply to Plaintiff's Response on February 22 (Doc. # 15), and on March 3, Plaintiff filed an Amended Complaint (Doc. #16). Following filing of Defendant's Motion to Dismiss and Brief in Support (Doc. #17) on March 17, 2016, Plaintiff filed another "Amended Complaint" (Doc. # 18), (hereinafter (Second) Amended Complaint) on March 31.

On the Complaint form which Plaintiff used to submit her (Second) Amended Complaint (Doc. #18), in the style of the case, Plaintiff names the "OK Department of Human Services" as defendant. Below "Department of Human Services," Plaintiff adds "Pittsburg County."[2] In ¶ (A) ("Parties") of the Complaint, Plaintiff lists two individuals as defendants, Teresa Moy, and Jo Ann Benson.[3] From the docket sheet in the case, it appears that no summons has been issued to or served on these individuals. Therefore, this motion is brought on behalf of the Oklahoma Department of Human Services, only.

In ¶ (B) of her (Second) Amended Complaint, Plaintiff cites in ("Jurisdiction"), 28 U.S.C. § 1331, and 28 U.S.C. § 1343. In ¶ (C) ("Nature of Case"), Plaintiff notes "Employment discrimination based on Race; Title VII of the Civil Rights Act of 1964;" and "42 U.S.C. § 2000e-4." Under ¶ (D) ("Cause of Action"), Plaintiff lists 1: "'unequal treatment'' aka Equal Employment Opportunity, 2: "retaliation;" and 3: "Discrimination based on race." In the space for Supporting Facts furnished on the form, for each cause of action, Plaintiff says "attached on additional papers." Attached to her Complaint form, Plaintiff furnishes a document titled: <u>Statement of Claim for Relief</u>.

---

[2] The Oklahoma Department of Human Services is one legal entity, and its County Offices and other program facilities and are not separate legal entities.
[3] In her Complain and Amended Complaint, Plaintiff named a third individual, Sharlene Ballard, but apparently drops her from the (Second) Amended Complaint.

In the first page of her <u>Statement of Claim for Relief</u> (which is p.4 of Doc. # 18), Plaintiff alleges her supervisors,

> Teresa Moy and Joanne Benson, discriminated based on race with disparity (sic) treatment, through job assignments, through retaliation for previous inquiries as to why no new job assignments, were harassing, and promoted a hostile work environment.  Despite new hires coming and going, Teresa and JoAnn consistently place other individuals not in a protected class in positions where they were better able to take advantage of opportunity.

At page 5 of Document 18, Plaintiff refers to "Exhibit 5, ''a collection of 58 separate documents, including letters, emails, doctor's notes, performance evaluations and other documents related to the Plaintiff's complaint".  Plaintiff's reference to Exhibit 5 is a reference to Document 13-5, which was an attachment to Plaintiff's Response to Defendant's Motion to Dismiss and Brief in Support filed February 1, 2016, (Doc. # 13). In the five pages of the <u>Statement of Claims for Relief</u> (pp.4-8, Doc.#18), Plaintiff sets out a conclusory and rambling description of how she feels other employees were assigned duties that gave them a better "experience to better take advantage of opportunities." Plaintiff refers to various "attachments" contained in Document 13-5 as examples of how other employees received better experiences and job duties which afforded them better opportunities.  Plaintiff states she is a member or a protected class, but does not identify the status of the other employees she refers to.  Plaintiff refers in her <u>Statement of Claims for Relief</u>, specifically to several of the "attachments" as supporting or explaining her allegations of discrimination.  However, the documents don't much help in setting forth a cause of action.

4

On pages 7 and 8 of Document 18, Plaintiff complains "The environment was hostile in that coworkers often spoke to the plaintiff hatefully." She then refers to attachment 17 (Doc. #13-5),

> where plaintiff States to the then County Director that I can think of specific instances when things have happened around the office and all the blame was laid on me. Not only that, But (sic) also when one thing does happen concerning an individual and me, it seems like I can feel the back lash from everyone here in the office who suddenly acts as if they have an attitude an like I've done something specifically to them. It seems they are mad because a certain thing happened and then the next thing you know I'm dealing with a whole office full of people who suddenly have an attitude about something not even concerning them.

In ¶ (E) (Request for Relief), Plaintiff states she believes she is entitled to relief in the amount of "a minimun (sic) $900,000".

## II.     Argument and Authorities

The current standard to be followed by a district court when considering a motion to dismiss under Rule 12(b)(6) was summarized by the United States Court of Appeals for the Tenth Circuit in *Robbins v. State of Oklahoma, ex rel. Dept. of Human Services*, 519 F.3d 1242 (10th Cir. 2008), as follows:

> [T]o withstand a motion to dismiss, a complaint must contain enough allegations of fact "to state a claim to relief that is plausible on its face." [*Bell Atlantic Corp. v. Twombly*,] --- U.S. ----, ----, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). Under this revised standard, as we explained in *Ridge at Red Hawk, L.L.C. v. Schneider*:
>
>> the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims.
>
> 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original). The burden is on the plaintiff to frame a "complaint with enough factual matter (taken as true) to suggest" that he or she is entitled to relief. *Twombly*, 127 S.Ct.

5

at 1965.  "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.*

519 F.3d at 1247 (emphasis in original).  Applying this standard to the instant case, it is clear the Plaintiff's Amended Complaint fails to state a claim upon which any relief can be granted against Defendant DHS and is thus subject to dismissal pursuant to Rule 12(b)(6).

   **a. Plaintiff's (Second) Amended Complaint fails to allege a claim upon which relief can be granted because it does not provide a short and plain statement of a claim entitling her to relief against DHS, and it does not state a plausible claim for discrimination or for retaliation.**

Rule 8(a) of the Federal Rules of Civil Procedure provides that a Complaint "must contain" the following:

>  (1)   a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
>  (2)   a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
>  (3)   a demand for the relief sought, which may include relief in the alternative or different types of relief.

Plaintiff's (Second) Amended Complaint (Doc. #18) wholly fails to meet the requirement of Rule 8(a)(2) that it contain a "short and plain statement" of any claim entitling her to relief against Defendant DHS..

In *Lollis v. Dezhnuyuk*, 2015 WL 3948134 *1, (N.D. Okla. 2015) (attached as Exhibit "1") Judge Payne said about *pro se* complaints:

> While *pro se* pleadings must be liberally construed and must be held to less stringent standards than formal pleadings drafted by lawyers, Haines v. Kerner, 404 U.S. 519, 520 (1972), a district court should not assume the role of advocate. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *United States v. Pinson,* 584 F.3d 972, 975 (10th Cir. 2009); *Garret v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

6

> Moreover, even pro se plaintiffs are required to comply with the 'fundamental requirements of the Federal Rules of Civil and Appellate Procedure' and substantive law, and the liberal construction to be afforded does not transform "vague and conclusory arguments" into valid claims for relief. *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994). The court 'will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf.' *Whitney v. N.M.*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

The burden is on the plaintiff to frame a "complaint with enough factual matter (taken as true) to suggest" that he or she is entitled to relief. *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original). (Citing *Twombly*, 127 S.Ct. at 1965).

The Tenth Circuit has referred to the new pleading standard since <u>Bell Atlantic Corp. v. Twombly</u>, supra, and *Ashcroft v. Iqbal*, supra, as a "refined standard." *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir.2011).

> In applying this new, refined standard, we have held that plausibility refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" Robbins v. Oklahoma, 519 F.3d 1242, 1247(10th Cir.2008) (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955). Further, we have noted that "[t]he nature and specificity of the allegations required to state a plausible claim will vary based on context." *Kansas Penn*, 656 F.3d at 1215; see also *Iqbal*, 129 S.Ct. at 1950 ("Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."). Thus, we have concluded the *Twombly/Iqbal* standard is "a middle ground between heightened fact pleading, which is expressly rejected, and allowing complaints that are no more than labels and conclusions or a formulaic recitation of the elements of a cause of action, which the Court stated will not do." *Robbins*, 519 F.3d at 1247 (internal quotation marks and citations omitted).

*Khalik v. United Air Lines*, 671 F.3d 1188 (10th Cir. 2012).

7

In *Khalik*, the Court said in order to determine whether Plaintiff has stated a cause of action for discrimination, she does not have to set forth a prima facie case, but consideration of the elements of a prima facie case can be helpful to the Court in considering whether Plaintiff has stated a claim upon which relief can be granted.  If Plaintiff does not have direct evidence of discrimination based on her race, she must prove her case through the burden-shifting framework of *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). *See Crowe v. ADT Sec. Servs. Inc.*, 649 F.3d 1189, 1194 (10th Cir.2011). Under *McDonnell Douglas,* a three-step analysis requires the plaintiff first prove a prima facie case of discrimination.

In her (Second) Amended Complaint (Doc. #18), under ¶ D, "CAUSE OF ACTION," Plaintiff alleges, at (1): "'unequal treatment' aka Equal Employment Opportunity."  In the same section of the Complaint, at (3), she also alleges: "Discrimination based on race."  Defendant DHS takes these two claimed causes of action to be one and the same.  In the remainder of the (Second) Amended Complaint and <u>Statement of Claim</u>, Plaintiff does not allege any direct evidence of discrimination. Plaintiff must, therefore, allege facts showing she can prove a *prima facie* case of discrimination.  Comparing Plaintiff's (Second) Amended Complaint to the elements of a prima facie case as articulated by the Tenth Circuit in *Khalik*, Plaintiff does not make a prima facie showing,  because she plead no facts to show she suffered an adverse employment action.

"An adverse employment action constitutes 'a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." *Annett v.*

*University of Kansas*, 371 F.3d at 1237 (quoting *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 761, 118 S. Ct. 2257, 141 L.Ed.2d 633 (1998)). In her "Statement of Claim for Relief" which is part of her (Second) Amended Complaint, Plaintiff does not identify any adverse employment action other than by the most conclusory means possible.  In the first page of the statement, (p. 4 of Doc. #18), Plaintiff alleges her Supervisors, Teresa Moy and Joanne Benson,

> discriminated based on race with disparity treatment, through job assignments, through retaliation for previous inquiries as to why no new job assignments, were harassing, and promoted a hostile work environment.  Despite new hires coming and going, these supervisors consistently placed other individuals not in a protected class in positions where they were better able to take advantage of opportunity.

When one reads through the remainder of the Statement, Plaintiff does not offer very many specific factual allegations showing that the Department of Human Services took adverse employment actions against her. Plaintiff complains that: Teresa did not assign any new tasks to the plaintiff's job that would provide favorable relevant work experience to help the Plaintiff compete for advancement; Teresa assigned a new hire to become the Electronic Benefits Transfer specialist and made Plaintiff the back-up; Joann Benson and another worker held a meeting with other workers but did not include Plaintiff.  Plaintiff also complains that a new employee agreed with Plaintiff that the two of them should be rotated; Plaintiff had to do filing, take out the mail and shred, and handle heavy boxes because Plaintiff was rude to clients and coworkers, and plaintiff could not perform the job satisfactorily. Plaintiff claims "those" (presumably the fact that she is rude to clients and co-workers, and cannot perform the job satisfactorily) are pretexts to the real reasons for discrimination. She also complains that on the rainiest of days, out of all the employees in the building, Joann came to her and asked her to take

9

the mail out, "while she was working the front desk, the most stressful of all clerical jobs and making ebt (electric benefit transactions) cards simultaneously, while the other clerical staff was in the next room answering phone calls and reading books on her phone."

Plaintiff also complains the "defendant" (without specifying which defendant), took negative adverse actions in the appraisal of performance evaluations; the defendants and other staff subjected the plaintiff to harassment and hostility by complaining about issues that didn't amount to much in the office; the environment was hostile in that coworkers often spoke to the plaintiff hatefully. Plaintiff finally complains that another employee, not a defendant, called her "paranoid."

Defendant DHS submits that all of these allegations are conclusory and don't provide sufficient facts to render Plaintiff's claims as plausible in regard to her being able to produce evidence to demonstrate that Plaintiff was discriminated against on the basis of her race. Plaintiff does not describe an adverse employment action.

In *Hare v. Donahoe*, 608 Fed. Appx. 627, 2015 Fair Empl.Prac.Cas. (BNA)185, 257, (attached as Exhibit "2") the 10th Circuit Court of Appeals applied its *Khalik* holding when it considered and upheld a dismissal by the District Court for the Northern District of Oklahoma of a *pro se* plaintiff's Complaint asserting claims for discrimination under Title VII and the Rehabilitation Act. The Tenth Circuit said about plaintiff's racial discrimination claim:

> We liberally construe Ms. Hare's complaint to attempt to state a claim for racial discrimination. "A plaintiff proves a violation of Title VII either by direct evidence of discrimination or by following the burden-shifting framework of *McDonnell Douglas Corp[oration] v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973)." *Khalik,* 671 F.3d at 1192.

> Because Ms. Hare's complaint does not allege any direct evidence of discrimination, her claims are subject to the three-step burden-shifting framework of *McDonnell Douglas.* Step one requires Ms. Hare to prove a prima facie case of discrimination. *Id.* To do so, Ms. Hare "must establish that (1) she is a member of a protected class, (2) she suffered an adverse employment action, (3) she qualified for the position at issue, and (4) she was treated less favorably than others not in the protected class." *Id.*
> As the district court explained, and we agree, "[t]he bare allegations and conclusory statements in [Ms. Hare's] complaint do not raise any inference of racial ... discrimination on the part of her supervisor or anyone at [the Postal Service]." R. at 129–30. Instead, "[Ms.] Hare's allegations seem to merely allege that she was disciplined for rule violations; not that she was discriminated against in any way." *Id.* at 130. (Internal footnote omitted).

*Hare v. Donahoe*, 608 Fed. Appx. 627, 630 (10th Cir. 2015).  Plaintiff's claims are similar to those in Hare because of their failure to raise an inference of racial discrimination and failure to show that she was discriminated against in any way.

Also, despite Plaintiff asserting a claim for retaliation, she does not plead facts showing she can prove a *prima facie* case of retaliation. Plaintiff does not allege how she complained of discrimination, or what adverse employment action she suffered as a result of such reporting. For a prima *facie case* of retaliation, an employee must prove that (1) he "engaged in protected opposition to discrimination;" (2) he suffered "an adverse employment action; and, (3) "there exists a causal connection between the protected activity and the adverse action. *Stover v. Martinez*, 382 F.3d 1064, 1071 (10th Cir.2004).  Nowhere in Plaintiff's Complaint, (Doc. #18), or in the accompanying <u>Statement of Claim for Relief,</u> does she set forth facts showing she engaged in protected opposition to discrimination.  She doesn't allege that she complained about racial discrimination in the work place, who she complained to, or if anyone knew that she did.  Likewise, as Defendant DHS argues in (b) above, Plaintiff does not set forth any action done by Defendant DHS which amounts to an adverse employment action.

11

Given these omissions on Plaintiff's part, the Court should dismiss Plaintiff's claim for retaliation.

Defendant DHS would further argue that, in any event, even if Plaintiff had stated a claim, it is not a short and plain statement of a claim. In Plaintiff's attached <u>Statement of Claim for Relief,</u> Plaintiff states things that happened to her, and actions which various people, including her supervisors and other co-workers, asked her to do, and describes how she feels mistreated. But, Plaintiff fails to state in non-conclusory language how she suffered any recognized adverse employment action. Additionally, because, in her statement of claim for relief, Plaintiff refers to attachments to her previously filed Response to Motion to Dismiss (Doc. #13), the reader is left to find, or guess at, what part, if any, of each attachment is relevant to Plaintiff's claims. Defendant submits that a Complaint that requires the reader to refer to various other documents, without a description of the context of the document, and requires the reader to have to read through the documents and guess at what parts of them Plaintiff is referring to is a Complaint that does not offer a short and plaint statement of Plaintiff's claims.

### III.   Conclusion

In summary, the Plaintiffs' (Second) Amended Complaint (Doc. #18) fails to allege a cause of action for discrimination. When looking to the elements of a *prima facie* case of discrimination, it appears that Plaintiff cannot identify an adverse employment action she suffered. Plaintiff's (Second) Amended Complaint also fails to state a claim upon which any relief can be granted against Defendant DHS for retaliation pursuant to Title VIII of the Civil Rights Act of 1964. She also fails to state

her claim by way of a short and plain statement showing Plaintiff is entitled to relief against Defendant DHS. As a result, this action should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

        Respectfully submitted,

        s/ JOHN E. DOUGLAS
        John E. Douglas (OBA #2447)
        Assistant General Counsel
        Department of Human Services
        P. O. Box 25352
        Oklahoma City, OK 73125-0352

        Telephone: (405) 521-3638
        Facsimile: (405) 521-6816
        E-mail: John.Douglas@okdhs.org

        *Attorney for Defendant Oklahoma Department of Human Services.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 14th day of April, 2016, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrant:

    Christel Helem
    PO Box 516
    McAlester, OK 74502
    *Pro se*

and I further certify that on the same date this document was also sent by email and first class U.S. Mail to the following parties who may also be entitled notice of this document:

                        *s/* John E. Douglas
                        John E. Douglas