# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHRISTEL RENEE HELEM,<br><br>　　Plaintiff,<br><br>v.<br><br>OKLAHOMA DEPARTMENT OF HUMAN SERVICES,<br>TERESA MOY, and<br>JOANN BENSON,<br><br>　　Defendants. | Case No. CIV-15-216-RAW |

## ORDER & OPINION

Plaintiff filed this *pro se*[1] action on June 10, 2015. On February 1, 2016, the Oklahoma Department of Human Services (hereinafter "DHS") filed a motion to dismiss. The court entered an order on February 5, 2016 directing Plaintiff to file an amended complaint no later than February 16, 2016. Without requesting an extension of time, Plaintiff filed an amended complaint on March 3, 2016. DHS filed a motion to dismiss the amended complaint on March 17, 2016. Without seeking leave of court, Plaintiff filed a second amended complaint March 31,

---

[1] The court construes liberally the pleadings of all *pro se* litigants. Hall v. Bellmon, 93 F2d 1106, 1110 (10th Cir. 1991). In accordance with this rule, when "the court can reasonably read the pleadings to state a valid claim on which [a *pro se*] plaintiff could prevail, it [will] do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." Id. Nevertheless, *pro se* parties are subject to "the same rules of procedure that govern other litigants." Nielsen v. Price, 17 F.3d 1276, 1277 (10th Cir. 1994) (citations omitted). Moreover, "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." Garrett v. Selby Connor Maddux & Janer, 425 F.3d 836, 840 (10th Cir. 2005).

2016.[2]  Now before the court is the latest motion to dismiss this action by DHS [Docket No. 19] filed April 14, 2016.[3]

**MOTION TO DISMISS STANDARD**

For purposes of the motions to dismiss, the court accepts as true all of the factual allegations in Plaintiff's Second Amended Complaint and construes those facts in the light most favorable to Plaintiff.  See Anderson v. Merrill Lynch Pierce Fenner & Smith, Inc., 521 F.3d 1278, 1284 (10th Cir. 2008).  Of course, the court does not accept as true conclusory statements or legal conclusions.  "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

To survive the motions to dismiss, the Second Amended Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  Plaintiff must nudge her "claims across the line from conceivable to plausible."  Twombly, 550 U.S. at 570.

> [T]he Twombly / Iqbal standard is a middle ground between heightened fact pleading, which is expressly rejected, and allowing complaints that are no more than labels and conclusions or a formulaic recitation of the elements of a cause of action, which the Court

---

[2] Plaintiff drops the previously named defendant, Sharlene Ballard, in this latest complaint.
[3] As the court noted above, *pro se* parties are subject to "the same rules of procedure that govern other litigants."  The court could have stricken both the amended complaint and the second amended complaint, as the first was filed late without leave and the second was filed entirely without leave.  In her response to the current motion to dismiss, Plaintiff seeks leave for her filing of the second amended complaint.  In its discretion, the court hereby grants leave for the filing of the second amended complaint.  The court nevertheless reminds Plaintiff that she must follow all of the rules of procedure.

2

stated will not do. In other words, Rule 8(a)(2) still lives. Under Rule 8, specific facts are not necessary; the statement need only give the defendant fair notice of what the claim is and the grounds upon which it rests.

Burnett v. Mortgage Elec. Registration Sys., Inc., 706 F.3d 1231, 1235-36 (10th Cir. 2013) (quoting Khalik v. United Air Lines, 671 F.3d 1188, 1191 (10th Cir. 2012)).

In determining whether Plaintiff's has stated a plausible claim for relief, the court compares the Second Amended Complaint with the elements of the causes of action listed therein. Id. at 1236. Plaintiff is not required to set forth a prima facie case for each element, but she is required to set forth plausible claims "animating the elements of her cause of action." Id. If the Second Amended Complaint does not allow for at least a "reasonable inference" of the legally relevant facts, it is insufficient. Id.

**SECOND AMENDED COMPLAINT**[4]

Plaintiff states that she is bringing a claim for "employment discrimination based on race" in violation of 42 U.S.C. § 2000e-4. Plaintiff states that she is a member of a protected class. She lists unequal treatment, discrimination and retaliation as her causes of action and seeks "a minimum of $900,000.00."

Plaintiff was an "Administrative Tech III" for DHS and states that she was qualified to perform the job duties assigned to her. Plaintiff alleges that DHS did not give her opportunities that would allow her to advance and instead gave those opportunities to new employees. Specifically, she states that she was the "EBT specialist" and worked the front desk, but was replaced at the front desk by a new employee. She was then the "backup" and had to work in the

---

[4] Plaintiff filed a three page complaint form and attached a five page "statement of claim for relief." Within her complaint she references exhibits she attached to her response to the first motion to dismiss on February 9, 2016. The Second Amended Complaint is not entirely coherent, but the court includes here its understanding of Plaintiff's allegations.

back room.  She states that her supervisor's stated reason was that "they needed an EBT specialist available at all times that we can rely on to assist our clients properly."  Plaintiff refers to an attachment that includes several references to her taking extensive leave and being unreliable.

Plaintiff then discusses a specific new hire, Sherri, who was always made to work the front desk while Plaintiff was kept in the back.  Plaintiff states that she and Sherri felt they should be allowed to rotate so that Sherri would not always have to be in the front and Plaintiff would not always have to be in the back.  Plaintiff states that Defendant's reasons for keeping her in the back were that she was rude to clients and coworkers and could not perform the job satisfactorily, but that those reasons were pretext.  Plaintiff states that despite her time with the department and her educational background, Defendant continued to place new hires in the front.  Plaintiff then complains that one day when she was dressed nicely and working the front desk, "the most stressful of all clerical jobs," her supervisor asked her to take the mail out in the rain while another employee was in the back answering phone calls and reading books on her phone.

Plaintiff further alleges that Defendant took adverse actions against her with poor performance evaluations, discounting her teamwork even though other employees contributed to the adversities in the office.  Plaintiff alleges that she was harassed by Defendant and coworkers with complaints that "didn't amount to much," such as a client's dissatisfaction when she gave him incorrect information.  Plaintiff states the client was already unhappy because he could not reach his social worker.  Plaintiff alleges that coworkers often spoke to her hatefully.  Plaintiff states that an example of her mistreatment is coworkers asking her to locate a file.  She states that as the file clerk, it was her job to file the records, not to keep up with or look for them.

In her response to the motion to dismiss, Plaintiff states that the races of the other employees she references are unknown to her, but that they "appear to be the color of white people who are not in a protected class of people."

**MOTION TO DISMISS**

*Discrimination*

"A plaintiff proves a violation of Title VII either by direct evidence of discrimination or by following the burden-shifting framework of McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973)." Hare v. Donahoe, 608 Fed.Appx. 627, 630 (10th Cir. 2015). Plaintiff does not allege any direct evidence of discrimination; therefore, her claims are subject to the three-step burden-shifting framework of McDonnell Douglas. First, Plaintiff must establish that (1) she is a member of a protected class, (2) she suffered an adverse employment action, (3) she qualified for the position at issue, and (4) she was treated less favorably than others not in the protected class." Id.

"An adverse employment action constitutes 'a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits'" Annett v. University of Kan., 371 F.3d, 1233, 1237 (10th Cir. 2004) (quoting Burlington Indus., Inc. v. Ellerth, 524 U.S. 742, 761 (1998)). "[A] mere inconvenience or an alteration of job responsibilities will not suffice." Id. at 1239.

While Plaintiff alleges that she is a member of a protected class and that to her knowledge her coworkers were not, Plaintiff has not alleged an adverse employment action. Plaintiff alleges that she was an "Administrative Tech III" and "EBT specialist." She does not

allege that she was at any time demoted. Instead, she alleges that DHS placed new hires in that position at the front desk and placed her in the back room and that DHS stated this decision was based on her unreliability, rudeness to clients and job performance.

Plaintiff has alleged nothing more than a mere inconvenience or alteration of job responsibilities. While Plaintiff states that people assigned to the front desk are afforded more advancement possibilities, she does not identify any promotion or benefit that she lost or did not gain because of this difference in job assignment. She also does not allege that her coworkers were promoted ahead of her. Instead, she states that they were replaced often while she kept her job. Later when discussing a time she was working at the front desk, she refers to the front desk assignment as "the most stressful of all clerical jobs."

Moreover, Plaintiff admits that she made mistakes and contributed to office tension that resulted in her poor performance evaluations. By her own account, she gave a client incorrect information and was uncooperative with her coworkers, refusing to locate files because she believed that as a file clerk, she was only required to file records, not locate them. Plaintiff's bare allegations and conclusory statements are insufficient to state a plausible claim for racial discrimination.

### *Retaliation*

To state a case of retaliation, Plaintiff must demonstrate that: "(1) she was engaged in opposition to Title VII discrimination; (2) she was subject to an adverse employment action; and (3) a causal connection exists between the protected activity and the adverse employment action." Jones v. Barnhart, 349 F.3d 1260, 1269 (10th Cir. 2003). As the court has already ruled, Plaintiff has not alleged an adverse employment action. Other than a general statement

6

that she "complained," Plaintiff also has not identified any steps she took in opposition to Title VII discrimination. Moreover, she has not alleged any connection between her complaints and any adverse action. Plaintiff's bare allegations and conclusory statements are insufficient to state a plausible claim for retaliation.

**CONCLUSION**

For the reasons set forth above, the motion to dismiss by DHS [Docket No. 19] is hereby GRANTED. Another amendment would be futile. Accordingly, the action against DHS is hereby dismissed.

**IT IS SO ORDERED** this 23rd day of May, 2016.

Ronald A. White
United States District Judge
Eastern District of Oklahoma